Linda F. Cantor (CA Bar No. 153762)
Jeffrey L. Kandel (CA Bar No. 115832)
Victoria A. Newmark (CA Bar No. 183581)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California  90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:    lcantor@pszjlaw.com
           jkandel@pszjlaw.com
           vnewmark@pszjlaw.com

Attorneys for Woodforest Square, LLC,
Debtor and Debtor-in-Possession

**FILED & ENTERED**

**OCT 24 2014**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Gonzalez DEPUTY CLERK

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No.:  1:14-bk-12682-MT |
| WOODFOREST SQUARE, LLC, | Chapter 11 |
| Debtor. | **ORDER (A) APPROVING ASSET PURCHASE AGREEMENT; (B) APPROVING SALE OF REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (C)  AUTHORIZING ASSUMPTION AND ASSIGNMENT OF RELATED UNEXPIRED LEASES; (D) AUTHORIZING PAYMENT OF CLOSING COSTS, INCLUDING BROKERAGE COMMISSIONS; AND (E) GRANTING RELATED RELIEF** |
| | **[Relates to Docket No. 88]** |
| | **Hearing**<br>Date:  October 23, 2014<br>Time:  1:00 p.m.<br>Place: Courtroom 302<br>       United States Bankruptcy Court<br>       21041 Burbank Boulevard<br>       Woodland Hills, California 91367<br>Judge:  Honorable Maureen Tighe |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

Woodforest Square, LLC, the debtor and debtor in possession herein (the "Debtor") having

filed a motion (the "Motion") for entry of an order (a) authorizing the Debtor to sell (the "Sale") the

real estate commonly known as Woodforest Square Shopping Center, located at 12620 Woodforest

Blvd., Houston, Harris County, Texas 77015 (the "Property") to StarPoint Commercial Properties,

LLC (or its nominee/assignee) (the "Stalking Horse Bidder") pursuant to that certain Asset

Purchase Agreement (the "APA"), substantially in the form attached to the Motion as Exhibit A, or,

alternatively, to the successful bidder (the "Successful Bidder") pursuant to the applicable

agreement with such Successful Bidder, determined in accordance with those certain sale and bid

procedures approved by the Court's *Order (A) Scheduling Auction and Hearing for Sale of Real*

*Property; (B) Approving Sale Procedures; (C) Approving Break-Up Fee; (D) Approving Notice of*

*Auction and Sale Hearing; and (E) Granting Related Relief* [Docket No. 96] (the "Sale Procedures

Order"), free and clear of all liens, claims, interests and encumbrances pursuant to sections 363(b),

(f) and (m) of the Bankruptcy Code, with all liens, claims, interests and encumbrances attaching to

the sale proceeds ("Sale Proceeds") with the same validity (or invalidity), priority and perfection as

existed immediately prior to such Sale; (b) approving the APA or other applicable asset purchase

agreement with the Successful Bidder; (c) authorizing the assumption and assignment to the

Successful Bidder of the unexpired leases and executory contracts listed on Exhibit B to the Motion

(the "Assigned Contracts") pursuant to section 365 of the Bankruptcy Code and Rule 6006 of the

Federal Rules of Bankruptcy Procedure; (d) authorizing the Debtor to pay closing costs, including

brokerage commissions from the proceeds of the sale of the Property pursuant to section 363(b) of

the Bankruptcy Code and the Court's *Order Approving Debtor's Application to Employ Madison*

*Partners as Real Estate Broker* [Docket No. 76] (the "Broker Retention Order"); and (e) granting

such other relief as further described in the Motion, and the Declarations of David K. Gottlieb and

Bob Safai in support thereof;

The Debtor, having filed and served its Notice of the Motion [Docket No. 89], Notice of

Sale of Estate Property (LBR 6004-2) [Docket No. 94], Supplemental Notice of Auction and Sale

Hearing For Sale of Real Property [Docket No. 108], and the Declaration of Trish Thompson Re:

Telephonic Notice of the Motion and Sale Hearing [Docket No. 111] (collectively, the "Notices");

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Responses to the Motion having been filed as follows: (a) *Noteholder's Response and*

2    *Reservation of Rights with Respect to Debtor's Motion for Order (a) Approving Asset Purchase*

3    *Agreement; (b) Approving Sale of Real Property Free and Clear of All Liens, Claims,*

4    *Encumbrances, and Interests; (c) Authorizing Assumption and Assignment of Related Unexpired*

5    *Leases; (d) Authorizing Payment of Closing Costs, Including Brokerage Commissions; and (e)*

6    *Granting Related Relief* [Docket No. 103] filed by Wells Fargo Bank, N.A. (f/k/a Wells Fargo

7    Bank Minnesota, N.A.), as Trustee for the Registered Holders of J.P. Morgan Chase Commercial

8    Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2004-C2 (the

9    "Noteholder Response"), (b) *Limited Objection of Harris County to Motion for Order Approving*

10    *Sale of Real Property Free and Clear of All Liens, Claims, Encumbrances and Interests* filed by

11    Harris County (the "Harris County Limited Objection"), and *Joinder of Galena Park Independent*

12    *School District in Limited Objection to Motion for Order Approving Sale of Real Property Free*

13    *and Clear of All Liens, Claims, Encumbrances and Interests* [Docket No. 113] (the "Galena Park

14    Joinder and Limited Objection" and, together with the Noteholder Response and the Harris County

15    Limited Objection, the "Responses"); and the Debtor having filed its Reply to the Responses and in

16    support of the Motion [Docket No. 107];

17    A hearing to consider the Motion having been held before the Court on October 23, 2014 at

18    1:00 p.m. (the "Sale Hearing");

19    The Court, having considered the Motion, the supporting declarations, the Notices,

20    Responses and Reply, and the Court having been advised there were two qualified bidders for the

21    Property that is the subject of the Motion, the Stalking Horse Bidder ("StarPoint") and WRE

22    Management, Inc. (or its nominee/assignee) ("WRE", and collectively with StarPoint, the

23    "Qualified Bidders"); and the Court having been advised that declarations of the representatives of

24    the Qualified Bidders in support of the Sale were to be filed [Docket Nos. 115 and 116] (the

25    "Qualified Bidder Declarations"); the Court having conducted an auction ("Auction") at the Sale

26    Hearing among the Qualified Bidders; and having considered all arguments, statements and

27    representations of counsel on the record at the  hearing; and after due deliberation and good cause

28    appearing;

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3

**THE COURT HEREBY FINDS that:**

A.      On May 23, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division (the "Court").  The Debtor is continuing to manage the Property and operate its business as debtor in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

B.      This Court has jurisdiction over this case and the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334.  Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2).

C.      Due and sufficient notice of the Motion, the Auction, the objection period and the Sale Hearing have been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, and Local Rules, and no other or further notice is required.

D.      The requirements of Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure and Local Rule 6004 have been satisfied.

E.      The terms of the APA and the transaction contemplated therewith have been negotiated at arm's-length, in good faith and is in the best interests of the Debtor's estate and its creditors.  The Debtor has demonstrated that it is an exercise of sound business judgment to enter into the transaction contemplated by the APA and has appropriately exercised its fiduciary duty in maximizing the sale price for the Property.

F.      StarPoint and WRE are both Qualified Bidders in accordance with the terms of the Motion and the Sale Procedures Order.

G.      The Auction was conducted fairly, afforded the Qualified Bidders a reasonable opportunity to submit bids for the Property, and thereby fostered competitive bidding for the Property.

I.      WRE ("Purchaser") submitted the highest and best offer for the Property in the amount of five million eight hundred thousand dollars and zero cents ($5,800,000.00) and is the Successful Bidder.  StarPoint submitted the next highest bid in the amount of five million six hundred fifty thousand dollars and zero cents ($5,650,000.00) and is the Back-up Bidder in

accordance with the terms of the APA.

J.      None of the Debtor, the Purchaser or Back-up Bidder or their respective representatives has engaged in any conduct that would cause or permit the APA or sale transaction to be avoided pursuant to Bankruptcy Code section 363(n).  Based on the foregoing, the Qualified Bidder Declarations and the record in this chapter 11 case, Purchaser and Back-up Bidder each has acted in good faith and each is therefore a good faith purchaser within the meaning of Bankruptcy Code section 363(m) and, as such, each is entitled to all of the protections afforded thereby.

K.      The Property was sufficiently marketed for sale by the Debtor and its agents.

L.      The consideration being paid by Purchaser and, if applicable, the Back-up Bidder is fair and adequate consideration for the Property.  Purchaser's bid represents the highest and best offer and will achieve the highest and best value to the Debtor, its estate and creditors.  In the event of a sale to the Back-up Bidder, the Back-up Bidder's bid represents the next highest and best offer and will achieve the next highest and best value to the Debtor, its estate and creditors.

M.      Based on the Declarations of David K. Gottlieb and Bob Safai and other evidence in the record, the Purchaser's purchase offer and the Back-up Bidder's offer are market tested and each is a reasonable offer based on the current marketplace.

N.      Purchaser and Back-up Bidder are not insiders, as that term is defined by the Bankruptcy Code, of the Debtor.  Furthermore, no insiders of the Debtor are receiving or retaining any benefit, property or payments in connection with the sale of the Property or other transactions contemplated by the APA except to the extent such insiders have allowed claims against or equity interests in the Debtor and, as a result, may participate in a distribution of sale proceeds.

O.      The Sale of the Property is permitted pursuant to one or more provisions of section 363(f)(1) – (5) of the Bankruptcy Code.   Those non-debtor parties with liens, claims, encumbrances and interests of any kind or nature whatsoever in the Property who do not object to the Motion and the relief requested therein, or who withdraw their objections to the sale, are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code in accordance with section 365 of the Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure.

P.      The Debtor also gave due and proper notice of the assumption, sale and assignment of each unexpired lease proposed to be assumed and assigned pursuant to the APA (the "Assigned Contracts") to each non-debtor party under each such Assigned Contract.

Q.      The Debtor, the Purchaser and the Back-Up Bidder have, to the extent necessary, satisfied the requirements of Bankruptcy Code § 365, including Bankruptcy Code §§ 365(b)(1)(A), (B) and 365(f), in connection with the sale and the assumption and assignment of the Assigned Contracts.  The Purchaser and Back-Up Bidder has each demonstrated adequate assurance of future performance with respect to the Assigned Contracts pursuant to Bankruptcy Code § 365(b)(1)(C) and no cure payments or other amounts are required to be paid as a prerequisite to the assumption and assignment of the Assigned Contracts.  The assumption and assignment of the Assigned Contracts pursuant to the terms of this Order is integral to the APA and is in the best interests of the Debtor, its estate and creditors, and represents the exercise of sound and prudent business judgment by the Debtor.

R.      The Assigned Contracts are assignable notwithstanding any provisions contained therein to the contrary, or providing for the termination thereof upon assignment or the insolvency or commencement of the bankruptcy case.

S.      Any and all objections to the Sale set forth in the Noteholder Response have been withdrawn by the Noteholder and Noteholder supports the Sale and the relief sought in the Motion.

T.      The Harris County Limited Objection and the Galena Park Joinder and Limited Objection have been resolved by the Debtor's agreement to set aside sufficient funds at the close of Sale to satisfy the claims asserted by Harris County and Galena Park Independent School District against the Debtor.  Based upon such resolution, Harris County and Galena Park Independent School District each withdrew their respective Limited Objection to the Sale and Harris County and Galena Park Independent School District each support the Sale and the relief sought in the Motion.

U.      All other findings of fact and conclusions of law stated by the Court orally on the record at the Sale Hearing are incorporated herein by this reference.

///

///

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**IT IS HEREBY ORDERED that:**

1.     The Motion is granted, and the APA with the Successful Bidder (a copy of which is attached hereto as Exhibit A) is hereby approved and incorporated herein by this reference.  All findings and conclusions set forth above and set forth by the Court on the record at the Sale Hearing are incorporated by reference and made part of this Order.

2.     The Auction was conducted fairly, afforded the Qualified Bidders a reasonable opportunity to submit bids for the Property, and thereby fostered competitive bidding for the Property.

3.     All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled as set forth herein are overruled in their entirety.

4.     Purchaser and Back-up Bidder are each a good faith purchaser entitled to the protections afforded a purchaser pursuant to section 363(m) of the Bankruptcy Code.  The sale of the Property is fair and reasonable, and none of the Debtor, the Purchaser or Back-up Bidder or their respective representatives has engaged in any conduct that would cause or permit the APA or sale transaction to be avoided pursuant to Bankruptcy Code section 363(n).

5.     The Debtor is authorized to sell to the Purchaser, or the back-up Bidder, as applicable, on the terms set forth in the Motion and the APA, the Property located at 12620 Woodforest Blvd., Houston, Harris County, Texas 77015.  The Debtor is authorized to execute, deliver, fully perform under, consummate and implement the APA together with all additional instruments and documents that may be reasonably necessary or desirable to implement the transactions contemplated by the APA.

6.     Pursuant to sections 105(a) and 363(b) and (f) of the Bankruptcy Code, on and as of the Closing Date (as defined in the APA), and except as expressly provided in the APA, Purchaser shall acquire all of the Debtor's and its bankruptcy estate's right, title and interest in and to the Property, free and clear of: (a) all mortgages, security interests, conditional sale or other title retention agreements, pledges, liens, judgments, demands, encumbrances, restrictions, constructive or resulting trusts, rights of first refusal, or charges of any kind or nature, if any, including, but not limited to, any restrictions on the use, voting, transfer, receipt of income or other exercise of any

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

7

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   attributes of ownership (collectively, "Interests"); and (b) all debts, claims (as that term is defined

2   in the Bankruptcy Code), obligations, demands, guaranties, options, rights, contractual

3   commitments, restrictions, interests and matters of any kind and nature, and whether imposed by

4   agreement, understanding, law, equity or otherwise, arising in any way in connection with any acts,

5   or failure to act, of any of the Debtor (collectively, "Claims"), whether arising before or after the

6   Petition Date, with all such Interests and Claims released, terminated and discharged as to the

7   Property.  All such Interests and Claims, if any, shall attach to the proceeds of sale of the Property

8   paid to the Debtor by Purchaser or Back-Up Bidder, as applicable, to the same extent and with the

9   same priority, validity, force and effect as such Interests and Claims had against the Property

10  immediately prior to the Closing, except (i) that such Interests and Claims shall not so attach to the

11  proceeds paid to the Debtor by Purchaser or Back-up Bidder, as applicable, if and to the extent

12  otherwise agreed by the holder of any such Interests and Claims, (ii) as necessary to effect the

13  terms of the APA, and (iii) subject to any rights, claims and defenses the Debtor may possess as to

14  such holder.

15          7.      On the Closing (as defined in the APA), funds will be set aside to satisfy in full the

16  claims asserted by Harris County and Galena Park Independent School District against the Debtor.

17          8.      On the Closing, each of the Debtor's creditors and holders of Interests is authorized

18  and directed to execute such documents and take all other actions as may be necessary to release its

19  Interests in or Claims against the Property, if any, as such Interests or Claims may have been

20  recorded or may otherwise exist.  If any person or entity that has filed financing statements or other

21  documents or agreements evidencing interests in or claims against the Property shall not have

22  delivered to the Debtor prior to the Closing, in proper form for filing and executed by the

23  appropriate parties, termination statements, instruments of satisfaction and releases of all Interests

24  or Claims which the person or entity has with respect to the Property, (a) the Debtor is hereby

25  authorized to execute and file such statements, instruments, releases and other documents on behalf

26  of the person or entity with respect to the Property, and (b) Purchaser or Back-up Bidder, as

27  applicable, is hereby authorized to file, register or otherwise record a certified copy of this Order,

28  which once filed, registered or otherwise recorded, shall constitute conclusive evidence of the

8

release of all Interests or Claims of any kind or nature whatsoever in or against the Property.  The
foregoing notwithstanding, the provision of this Order authorizing the sale of the Property free and
clear of liens, claims, encumbrances and interests shall be self-executing, and notwithstanding the
failure of the Debtor, Purchaser, Back-Up Bidder  or any other party to execute, file or obtain
releases, termination statements, assignments, consents or other instruments to effectuate,
consummate and/or implement the provisions hereof or in the APA with respect to the sale of the
Property, all Interests in or Claims against the Property shall be deemed unconditionally released,
discharged, and divested.  This Order is and shall be binding upon and govern the acts of all entities
including, without limitation, all filing agents, filing officers, title agents, title companies, recorders
of mortgages, recorders of deeds, registrars of deeds, registrars of patents, trademarks or other
intellectual property, administrative agencies, governmental departments, secretaries of state,
federal, state, and local officials, and all other persons and entities who may be required by
operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or
release any documents or instruments, or who may be required to report or insure any title or state
of title in or to any of the Property.

9.	Each and every federal, state, and local governmental agency or department is
hereby directed to accept any and all documents and instruments necessary and appropriate to
consummate the transactions contemplated by the APA.

10.	Subject to the terms of the APA and the occurrence of the Closing Date, the
assumption by the Debtor of the Assigned Contracts and the assignment of such agreements to the
Purchaser or Back-up Bidder, as applicable, as provided for or contemplated by the APA, be, and
hereby is, authorized and approved pursuant to Bankruptcy Code §§ 363 and 365.

11.	The Assigned Contracts shall be deemed valid and binding and in full force and
effect and assumed by the Debtor and assigned to the Purchaser or Back-Up Bidder, as applicable,
at the Closing, pursuant to Bankruptcy Code §§ 363 and 365, without any cure cost, as deemed by
the Court, with non-debtor parties to such Assigned Contracts being without basis to assert against
Purchaser, among other things, defaults, breaches or claims of pecuniary losses existing as of the
Closing or by reason of the Closing.

9

12.     All defaults or other obligations under the Assigned Contracts arising prior to the Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in Bankruptcy Code § 365(b)(2)) against the Debtor shall be deemed cured and the non-debtor parties to such contracts shall be forever barred and estopped from asserting or claiming against the Debtor or Purchaser or Back-Up Bidder, if applicable, that any additional amounts are due or other defaults exist as of the Closing.

13.     The Debtor and its estate shall be relieved of any liability for any breach of any of the Assigned Contracts occurring from and after Closing, pursuant to and in accordance with Bankruptcy Code § 365(k).

14.     At Closing, escrow shall pay (a) all closing costs, and (b) the Madison Partners commission consistent with the terms of the Listing Agreement and the Broker Retention Order approved by the Court.  The automatic stay is hereby modified as necessary to permit the disbursements from escrow at closing set forth in subsections (a) and (b) of this paragraph 14.

15.     This Court shall retain jurisdiction to (a) interpret, enforce and implement the terms and provisions of the APA, all exhibits and amendments thereto and any releases, waivers and consents thereunder, and any agreements, transaction documents or other instruments executed in connection therewith, (b) resolve any disputes arising under or related to the APA and the closing requirements, except as otherwise provided therein, (c) compel delivery of the Property to Purchaser or Back-Up Bidder, if applicable, and (d) interpret, implement and enforce the provisions of this Order.

16.     The provisions of the APA and this Order and any actions taken pursuant thereto shall survive entry of any order which may be entered confirming any plan of reorganization or liquidation for the Debtor or converting the Debtor's case from chapter 11 to a case under chapter 7 of the Bankruptcy Code or dismissal of the Debtor's case.  Nothing contained in any such plan or order shall conflict with, or derogate from, the provisions of the APA or this Order (as applicable).

17.     The APA and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof without further order of the Court, provided that any such

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

10

1    modification, amendment or supplement do not have a material adverse effect on the estate.

2        18.    The failure to specifically include any particular provision of the APA in this Order

3    shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that

4    the APA be authorized and approved in its entirety.

5        19.    Notwithstanding the provisions of Bankruptcy Rules 6004(h), 6006(d), and 7062,

6    this Order shall be effective and enforceable immediately upon entry.

7        20.    This Order shall bind the Debtor, its estate, creditors and interest holders, all of their

8    respective officers, directors, and employees, any official or unofficial committee that may be

9    appointed in these cases, and any successor, trustee or other responsible person, including any

10    trustee appointed under Chapter 7 of the Bankruptcy Code.

11        21.    The provisions of this Order and the APA are nonseverable and mutually dependent.

13                                ###

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

24    Date: October 24, 2014

            Maureen A. Tighe
            United States Bankruptcy Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit A**

**Asset Purchase Agreement**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA